IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SGP USA LLC,

                    Plaintiff,

          v.

AM SAILING PURCHASER LLC
and DOUG DEVOS,

                    Defendants.

Civil Action No. 26-257-CFC

---

## <u>MEMORANDUM ORDER</u>

This case was before me in Civil Action No. 26-182. I remanded that action to the Delaware Court of Chancery based on lack of subject-matter jurisdiction. No. 26-182, D.I. 65. One day later, Plaintiff SGP USA LLC sought temporary injunctive relief (for the third time in this case) and informed the Court of Chancery that Defendants AM Sailing Purchaser LLC and Doug DeVos had already resolved to seek a second bite at the federal court apple. D.I. 2-2 at 564–69; *see* D.I. 2-2 at 566 ("Defendants have informed [SGP USA] that they intend to file a motion to compel arbitration in [the Court of Chancery] and then remove this case to federal court ***again***") (emphasis in original).

Two days after remand, AM Sailing and DeVos filed two motions in the Court of Chancery: (1) DeVos's motion to dismiss for lack of personal jurisdiction (D.I. 2-2 at 534–35); and (2) AM Sailing and DeVos's motion to compel

arbitration under 9 U.S.C. § 203 and 9 U.S.C. § 205 (D.I. 2-2 at 11–12).

AM Sailing and DeVos then filed a "Notice of Re-Removal" in this Court based on federal question jurisdiction under § 203 and § 205. D.I. 2; *see also* D.I. 2-3 (Civil Cover Sheet marking "Federal Question" as the basis of jurisdiction). Later that day, SGP USA filed a (1) Renewed Motion to Remand and Request to Adopt Prior Briefing Thereon; (2) Renewed Motion for a Temporary Restraining Order (TRO) and Expedited Briefing Thereon; and (3) Request to Adopt Parties' Prior Briefing on Defendants' Motion to Compel Arbitration. D.I. 9.

After SGP USA filed its request for expedited briefing on its Renewed Motion for a TRO, Defendants filed their opposition (D.I. 17) and SGP USA filed its reply (D.I. 23). Accordingly, the request for expedited briefing is now moot.[1]

---

[1] That is not to say that Defendants have not delayed filing their opposition. SGP USA has requested a TRO four times in this case: (1) February 13 Motion for a Temporary Restraining Order filed in the Court of Chancery (No. 26-182, D.I. 2-2 at 9–39); (2) February 27 Motion for Temporary Restraining Order filed in this Court (No. 26-182, D.I. 31); (3) March 10 letter request for temporary injunctive relief filed in the Court of Chancery (D.I. 2-2 at 564–69); and (4) March 11 Renewed Motion for a Temporary Restraining Order filed in this Court (D.I. 9). Defendants have in turn resisted responding on an expedited timeline four times: (1) Defendants removed the case to this Court on the day Defendants were required to file their opposition to SGP USA's first TRO motion, No. 26-182, D.I. 2; (2) Defendants opposed SGP USA's Motion to Set Briefing Schedule on Plaintiff's Motion for a Temporary Restraining Order, No. 26-182, D.I. 53, and I remanded Civil Action No. 26-182 on March 9 before Defendants would have been required to respond to SGP USA's second TRO motion on March 13, No. 26-182, D.I. 65; (3) Defendants re-removed the case to this Court on March 11 before any order setting a briefing schedule on SGP USA's third

2

Defendants do not oppose (D.I. 11 at 2), and I will grant, SGP USA's request to adopt prior briefing in Civil Action No. 26-182 on the Renewed Motion to Remand.

### I.

I will address the Renewed Motion to Remand before the Renewed Motion for a TRO because SGP USA lists its "Renewed Motion to Remand" first among its requests for relief in the pending motion. D.I. 9 at 2–4; *see also* No. 26-182, D.I. 26 (SGP USA's Motion to Remand filed before its Motion for a TRO (No. 26-182, D.I. 31) in Civil Action No. 26-182); *but see United States v. United Mine Workers of Am.*, 330 U.S. 258, 292 (1947) ("Pending a decision on a doubtful question of jurisdiction, the District Court was held to have power to maintain the status quo . . . ."); No. 26-182, D.I. 53 at 2 (Defendants agreeing that "a federal court may enter a TRO to preserve the status quo while determining whether it has jurisdiction") (citing *United Mine Workers of Am.*, 330 U.S. 258 at 292).

Defendants argue that I should resolve their March 11 motion to compel arbitration filed in the Court of Chancery[2] before SGP USA's March 11 Renewed

---

TRO request, D.I. 2; and (4) Defendants opposed SGP USA's request for expedited briefing on SGP USA's fourth motion for a TRO, D.I. 11 at 2–3.

[2] Defendants' Motion to Compel Arbitration filed in Civil Action No. 26-182 (No. 26-182, D.I. 42) is not pending before me because Civil Action No. 26-182 has been closed (No. 26-182, D.I. 65).

Motion to Remand filed in this Court. D.I. 11 at 1–2. Setting aside whether the motion to compel arbitration is indeed pending before this Court,[3] "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citation omitted); *see also Hines v. Stamos*, 111 F.4th 551, 566 (5th Cir. 2024) ("[M]otions to compel arbitration are not one of the limited instances in which district courts have leeway to pretermit the resolution of jurisdictional challenges."). Accordingly, I will address the Renewed Motion to Remand challenging this Court's subject-matter jurisdiction before any motion to compel arbitration. (Likewise, I would address a motion to dismiss for lack of personal jurisdiction before a motion to compel arbitration.)

## II.

"It is settled that the removal statutes [28 U.S.C. §§ 1441–1452] are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted). Chapter 2 of the Federal Arbitration Act (the

_____

[3] District of Delaware Local Rule 81.2 requires that "[i]n any case . . . removed to this Court, within 21 days of the filing of the case with the Clerk, the parties shall submit a statement identifying all pending matters which require judicial action." D. Del. LR 81.2.

4

FAA) applies "[t]he procedure for removal of causes otherwise provided by law" with one exception "that the ground for removal provided in [9 U.S.C. § 205] need not appear on the face of the complaint but may be shown in the petition for removal." 9 U.S.C. § 205. The removal statute governing "[p]rocedure after removal generally" dictates that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[T]he party asserting federal jurisdiction when it is challenged has the burden of establishing it." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citation omitted).

## III.

Defendants argue that (1) re-removal was proper under 9 U.S.C. § 205 of the FAA and 28 U.S.C. §§ 1441 and 1446 of the removal statutes, D.I. 2 at 1, 9; and (2) the Court has federal question jurisdiction over the re-removed action under 9 U.S.C. §§ 203 and 205 of the FAA, D.I. 2 ¶¶ 18–29; No. 26-182, D.I. 48 at 1–12.

SGP USA does not dispute that re-removal to federal court was procedurally proper under 9 U.S.C. § 205 or 28 U.S.C. § 1446. *See* D.I. 9 at 2–3 (relying on

5

prior briefing).[4] SGP USA instead maintains its argument that the Court lacks federal question jurisdiction under § 203 and § 205 of the FAA such that (1) 28 U.S.C. § 1441(a) cannot serve as an additional basis for re-removal and (2) remand is necessitated under 28 U.S.C. § 1447(c). No. 26-182, D.I. 26 at 11–19; No. 26-182, D.I. 55 at 1–11; *see also* D.I. 9 at 2–3 n.3 (acknowledging that "absence of diversity jurisdiction" and "failure to file a motion to compel arbitration in state court prior to removal" are no longer grounds asserted in the Renewed Motion to Remand).

## A.

I will first address whether Defendants have met their burden to show that the Court has subject-matter jurisdiction over the re-removed action under § 203.

---

[4] The irony not lost on me is that Defendants were able to file an amended Notice of Re-Removal (asserting a new jurisdictional basis under § 205 and new allegations that SGP USA did not agree to arbitration and that Defendants filed a motion to compel arbitration in state court) within the thirty days provided by § 1446(b) because (1) SGP USA filed its Motion to Remand in Civil Action No. 26-182 on February 27 before its thirty-day deadline under 28 U.S.C. § 1447(c); (2) SGP USA requested—and I granted—expedited briefing on the Motion to Remand in Civil Action No. 26-182 to be completed on March 6; and (3) I acted expeditiously to remand Civil Action No. 26-182 on March 9. *See generally* RICHARD SAUNDERS, PHILOM., *Poor Richard, Selections from His Almanack* (Ben Franklin Print Shop 1934) (1733–58) ("Haste makes Waste."); *see also id.* ("Make haste slowly.").

1.

Section 203 of the FAA, titled "Jurisdiction; amount in controversy,"

provides in relevant part that

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding . . . .

9 U.S.C. § 203; *see also GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 439 (2020) ("Chapter 2 [of the FAA] grants federal courts jurisdiction over actions governed by the Convention[.]") (citing 9 U.S.C. § 203).

The FAA does not define "[a]n action or proceeding falling under the Convention." *See generally* 9 U.S.C. §§ 1–401. The Supreme Court, however, has explained that "Chapter 2 of the FAA . . . expressly grant[s] federal courts jurisdiction to hear actions seeking to enforce an agreement or award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards." *Vaden v. Discover Bank*, 556 U.S. 49, 59 n.9 (2009) (citing 9 U.S.C. § 203); *see also* Convention art. II(3) (referring to "an action in a matter in respect of which the parties have made an agreement within the meaning of this article").

Section 202 of the FAA in turn defines an arbitration agreement that "falls under the Convention":

7

> An arbitration agreement . . . arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement . . . arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.

9 U.S.C. § 202; *see also Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 n.8 (3d Cir. 2009) ("An arbitration agreement falls within the New York Convention when the agreement (1) is an agreement in writing to arbitrate the subject of a dispute, (2) provides for arbitration in the territory of a signatory to the Convention, (3) arises out of a legal relationship, contractual or not, that is considered commercial, and (4) is a legal relationship between parties at least one of which is not an American citizen, or at least is a legal relationship bearing some reasonable relation with one or more foreign states[.]") (citation omitted).

## 2.

Before re-removal, Defendants filed a motion to compel arbitration in the Court of Chancery. D.I. 2 ¶ 15; D.I. 2-2 at 11–12. Defendants presented their motion to compel arbitration as a defense to SGP USA's Delaware state law claims by filing the motion "[i]n lieu of an answer." D.I. 2-2 at 11. Defendants argue that

8

SGP USA's claims are disputes "arising out of or in connection with" SGP USA's Renewal Agreement with non-party F50 League LLC d/b/a SailGP (the League) that SGP USA agreed to resolve through mediation and arbitration before the Court of Arbitration for Sport in Switzerland.  D.I. 2-2 at 14–43.

To establish this Court's subject-matter jurisdiction over the re-removed action under § 203, Defendants rely on their prior argument that the Court has federal question jurisdiction under § 203 because this action "involves a motion to compel arbitration under an agreement that 'fall[s] under' the Convention" (No. 26-182, D.I. 48 at 1, 4–7).  D.I. 2 ¶¶ 18–19, 21–22; D.I. 11 at 2.

I expressed doubt in my March 9 Order about whether "a defendant bringing a motion to compel arbitration as a defense could confer subject-matter jurisdiction on a federal court under § 203."  No. 26-182, D.I. 65 at 5.  Based on the same briefing before me, I still have doubts that a defendant's motion to compel arbitration—much less a defendant's post-remand motion to compel arbitration— could confer original jurisdiction on a district court under § 203.

"[F]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *G. W. v. Ringwood Bd. of Educ.*, 28 F.4th 465, 468 (3d Cir. 2022) (citing *Kokkonen*, 511 U.S. at 377).

> Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign.  Certain legal consequences directly

9

follow from this. For example, ***no action of the parties can confer subject-matter jurisdiction upon a federal court***. Thus, the consent of the parties is irrelevant . . . [T]he rule, springing from the nature and limits of the judicial power of the United States is inflexible and without exception . . . in all cases where such jurisdiction does not affirmatively appear in the record.

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–02 (1982) (emphasis added) (internal quotation marks and citations omitted); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) ("[T]he determination of [federal question] jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint'—***not on any issue the defendant may raise***. That longstanding rule makes the complaint—the plaintiff's own claims and allegations—the key to 'arising under' jurisdiction. If the complaint presents no federal question, a federal court may not hear the suit.") (emphasis added) (citation omitted); *Vaden*, 556 U.S. at 60 ("Under the longstanding well-pleaded complaint rule, . . . [f]ederal jurisdiction cannot be predicated on an actual or anticipated defense[.]") (internal quotation marks and citations omitted).

The well-pleaded complaint rule generally "applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10 n.9 (1983). Section 205 of the FAA "overrides the well-pleaded complaint rule *pro tanto*" for removal jurisdiction to the extent that

10

"the ground for removal provided in [§ 205] need not appear on the face of the complaint but may be shown in the petition for removal." *Vaden*, 556 U.S. at 59 n.9 (citing 9 U.S.C. § 205). Section 203 of the FAA, however, makes no mention of abrogating the well-pleaded complaint rule as it applies to the original jurisdiction of district courts under § 203.

This omission in § 203 suggests that whether a federal district court has original jurisdiction over an action under § 203 depends on whether the action—based on the plaintiff's operative complaint at the time of removal—is seeking to enforce an arbitration agreement falling under the Convention. *See, e.g.*, *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 440–41 (3d Cir. 1999) ("The District Court had jurisdiction under 9 U.S.C. § 203 because this action [filed by a United States plaintiff in federal district court] to compel arbitration [by international defendants] falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.").

Defendants argue that "the Third Circuit has recognized" that "where a defendant has moved to compel arbitration in a Convention case, a federal district court has subject matter jurisdiction under Section 203, even if the plaintiff argues that no arbitration agreement exists." No. 26-182, D.I. 48 at 4–5 (citing *Century Indem. Co.*, 584 F.3d at 521–22). But the Third Circuit's observation in *Century Indemnity* that "[t]he FAA empowers district courts to compel arbitration in

11

accordance with agreements" under 9 U.S.C. § 206, *id.* at 523, does not support

Defendants' proposition. Section 206 empowers "[a] court having jurisdiction

under this chapter" to compel arbitration. 9 U.S.C. § 206. Accordingly, a district

court having original jurisdiction under § 203 is a precondition to having the power

to compel arbitration, not a result of a defendant's motion to compel arbitration.

The Third Circuit in *Century Indemnity* merely recognized that "[t]he

District Court had subject-matter jurisdiction under 9 U.S.C. § 203 to determine

whether the removed action related to a commercial arbitration agreement within

the purview of the Convention[.]" *Century Indem. Co.*, 584 F.3d at 520–21. In

other words, the Third Circuit acknowledged that the district court at least had

subject-matter jurisdiction under § 203 to determine whether removal under § 205

was proper. That much is uncontroversial. *See Comm'rs of Rd. Improvement Dist.*

*No. 2 of Lafayette Cnty. v. St. Louis Sw. Ry. Co.*, 257 U.S. 547, 557 (1922) ("The

question of removal under the federal statute is one for the consideration of the

federal court."); *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128

(3d Cir. 1998) (referring to "[t]he district court's authority, indeed obligation, to

determine whether a removal petition properly invokes its removal jurisdiction").

In sum, I have doubts that a defendant filing a motion to compel arbitration

as a defense in an action can transform that action into "[a]n action or proceeding

falling under the Convention" that confers original jurisdiction under § 203 on a

12

federal district court over the action. I have even greater doubts that a defendant's activity after remand and before re-removal can confer federal question jurisdiction on a district court over that action. To find otherwise would invite gamesmanship by defendants who could needlessly delay a case by withholding conduct, improperly removing a case to federal court, waiting for the case to be remanded, perform the necessary conduct to confer subject-matter jurisdiction, and re-remove the case. Because Defendants' argument that this action "fall[s] under the Convention" under § 203 rests on Defendants' March 11 motion to compel arbitration, Defendants have not met their burden to show that the Court has subject-matter jurisdiction over the action under § 203.

### B.

I turn next to whether Defendants have met their burden to show that the Court has subject-matter jurisdiction over the re-removed action under § 205.

### 1.

Section 205 of the FAA, titled "Removal of cases from State courts," provides in relevant part that

> [w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

13

9 U.S.C. § 205; *see also GE Energy Power Conversion France SAS*, 590 U.S. at 439 ("Chapter 2 [of the FAA] . . . authorizes removal from state court[.]") (citing 9 U.S.C. § 205).  Section 205 does not use the word "jurisdiction."  *Compare* 9 U.S.C. § 205 ("Removal of cases from State courts"), *with* 9 U.S.C. § 203 ("Jurisdiction; amount in controversy").

2.

To establish this Court's subject-matter jurisdiction over the re-removed action under § 205, Defendants rely on their prior argument that § 205 confers "a form of federal question jurisdiction" on a federal court over a dispute that "relates to" an arbitration agreement "falling under the Convention" (No. 26-182, D.I. 48 at 7–12).  D.I. 2 ¶¶ 18, 20–21, 23; D.I. 11 at 2.

I expressed doubt in my March 9 Order about whether "§ 205 could confer limited subject-matter jurisdiction on a federal court over an action with a motion to compel arbitration."  No. 26-182, D.I. 65 at 5.  Based on the same briefing before me, I still have doubts that § 205 does anything more than authorize removal, and I am persuaded that § 205 does not necessarily confer subject-matter jurisdiction over an action.

The Supreme Court has exclusively cited § 203—not § 205—when discussing jurisdiction under Chapter 2 of the FAA.  *See, e.g.*, *GE Energy Power Conversion France SAS*, 590 U.S. at 439 (citing only § 203 for the proposition that

14

"Chapter 2 grants federal courts jurisdiction over actions governed by the Convention"); *Vaden*, 556 U.S. at 59 n.9 (citing only § 203 for the proposition that "Chapter 2 of the FAA, not implicated here, does expressly grant federal courts jurisdiction to hear actions seeking to enforce an agreement or award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards").

Likewise, the Third Circuit has not endorsed a district court having subject-matter jurisdiction under § 205. For example, the district court in *Century Indemnity* denied remand based on the finding that "the instant matter 'relates to' an arbitration agreement falling under the Convention and 9 U.S.C. § 205 confers federal jurisdiction over this matter." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 2006 WL 6667385, at *2 (E.D. Pa. May 18, 2006). On appeal of a granted motion to compel arbitration and denied motion to vacate an arbitral award (the denied motion to remand was not appealed), the Third Circuit did not adopt that district court's jurisdictional language in connection with § 205. Instead, the Third Circuit noted that the defendant "removed the case to the District Court pursuant to 9 U.S.C. § 205" and that "[t]he District Court had subject-matter jurisdiction under 9 U.S.C. § 203 to determine whether the removed action related to a commercial arbitration agreement within the purview of the Convention[.]" *Century Indem. Co.*, 584 F.3d at 520–21.

15

To the extent that other courts of appeals have held that § 205 confers subject-matter jurisdiction over an action,[5] those cases are not binding on this Court. I will adhere to the principle that "federal courts . . . possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377.

\* \* \* \*

Because it appears that the Court lacks subject-matter jurisdiction and "all doubts should be resolved in favor of remand," I will again remand this action to the Court of Chancery based on lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Steel Valley Auth.*, 809 F.2d at 1010.

I note that my determination that I lack subject-matter jurisdiction does not leave Defendants without recourse or deprive the parties of an opportunity to litigate the arbitrability of the arbitrability of this case. The FAA does not vest federal courts with exclusive jurisdiction over actions or proceedings falling under

---

[5] *See, e.g., Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1323–24 (11th Cir. 2018) ("[A]s long as the argument that the case 'relates to' the arbitration agreement [under § 205] is not immaterial, frivolous, or made solely to obtain jurisdiction, the relatedness requirement is met for purposes of federal subject matter jurisdiction."), *rev'd and remanded on other grounds sub nom. GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432 (2020); *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) ("[T]he district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense.").

16

the New York Convention. *See Vaden*, 556 U.S. at 71 ("Under the FAA, state courts as well as federal courts are obliged to honor and enforce agreements to arbitrate."); *see also* Delaware Uniform Arbitration Act, 10 Del. C. Ch. 57, § 5702(c) ("[A]ny application to the Court of Chancery to . . . obtain an order requiring arbitration . . . shall be decided by the Court of Chancery in conformity with the Federal Arbitration Act [9 U.S.C. § 1 et seq.], and such general principles of law and equity as are not inconsistent with that Act."). Defendants, by filing their March 11 motion to compel arbitration in state court, concede that the Court of Chancery has the power to adjudicate their motion to compel arbitration, and Defendants remain free to pursue a defense of arbitrability based on a theory of equitable estoppel in the Court of Chancery. *See Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 645 (2006) ("[W]hat a state court could do in the first place it may also do on remand[.]").

## IV.

Finally, having decided that I will remand this action to the Court of Chancery, I turn to address SGP USA's request for "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." D.I. 9 at 3–4. Defendants do not oppose the request for just costs, *see generally* D.I. 11, but argue that I should reject the request for attorney fees "out of hand" based on

17

the standard noted in *League of Women Voters of Pa. v. Commonwealth of Pa.*, 921 F.3d 378, 383–84 (3d Cir. 2019), D.I. 11 at 2.

Section 1447(c) of the removal statutes provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *League of Women Voters of Pennsylvania*, 921 F.3d at 383–84 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

Because Defendants filed their Notice of Re-Removal within the thirty days provided by 28 U.S.C. § 1446(b) and because Plaintiff pursued a litigation strategy that enabled Defendants to file that Notice within the thirty-day window, I will exercise my discretion and deny SGP USA's request for just costs and any actual expenses, including attorney fees, incurred by SGP USA as a result of the re-removal.

* * * *

NOW THEREFORE, at Wilmington on this Twentieth Day of March in 2026, it is HEREBY ORDERED that:

1. Plaintiff's Renewed Motion to Remand and Request to Adopt Prior Briefing on the Renewed Motion to Remand, Renewed Motion for a

18

Temporary Restraining Order and Expedited Briefing Thereon, and Request to Adopt Parties' Prior Briefing on Defendants' Motion to Compel Arbitration (D.I. 9) (the Motion) is GRANTED IN PART and DENIED IN PART;

2. The Motion is GRANTED insofar as (i) it requests the Court to adopt prior briefing from Civil Action No. 26-182 on the Renewed Motion to Remand; and (ii) it seeks to remand this action to the Court of Chancery of the State of Delaware;

3. The Motion is DENIED insofar as it requests just costs and any actual expenses, including attorney fees, incurred as a result of the re-removal;

4. The Motion is DENIED AS MOOT insofar as it requests expedited briefing on Plaintiff's Renewed Motion for a Temporary Restraining Order;

5. The Motion is otherwise DENIED without prejudice to renew in the Court of Chancery of the State of Delaware; and

6. The Clerk of Court is directed to REMAND this action to the Court of Chancery of the State of Delaware.

_____
CHIEF JUDGE

19